UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James I. Aiken, | ) | Civil Action No.: 6:15-cv-03270-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner James I. Aiken, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent answered and filed a motion for summary judgment. *See* ECF Nos. 24 & 25. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kevin F. McDonald.[1] *See* R & R, ECF No. 47. The Magistrate Judge recommends granting Respondent's motion for summary judgment and denying Petitioner's § 2254 petition. R & R at 21. Petitioner has filed objections to the R & R. *See* ECF No. 57.

**<u>Background</u>**[2]

The State of South Carolina indicted Petitioner for first-degree burglary, alleging he entered the victim's bedroom while the victim was asleep, began rummaging through a dresser, and fled once the victim awoke and confronted him. ECF No. 24-1 at 96-97; ECF No. 24-3 at 30-31. After Petitioner proceeded to trial, the jury found him guilty as charged and the trial court sentenced him to twenty

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[2] The R & R thoroughly summarizes the background of this case, with applicable dates and citations to the record. *See* R & R at 1-11.

years' imprisonment. ECF No. 24-1 at 285, 299; ECF No. 24-3 at 32. Petitioner's direct appeal was dismissed (at his request); his state application for post-conviction relief (PCR) was denied and dismissed with prejudice; and his petition for a writ of certiorari from the denial of his PCR application was denied. ECF No. 24-1 at 302; ECF No. 24-2 at 1-2; ECF No. 24-3 at 14-29; ECF No. 24-6. Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent answered and filed a motion for summary judgment. ECF Nos. 24 & 25. The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and deny Petitioner's § 2254 petition. R & R at 21. After receiving two extensions of time, Petitioner filed objections to the R & R. ECF Nos. 51, 55, & 57.

**Legal Standards**

**I.     Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for

clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II.     Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

## III.     Federal Habeas Review Under 28 U.S.C. § 2254[3]

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective

---

[3]     The Supreme Court of South Carolina summarily refused to hear Petitioner's PCR appeal by denying his petition for a writ of certiorari, *see* ECF No. 24-6, so the PCR court's decision is the proper one to evaluate under § 2254(d). *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *Grueninger v. Dir., Virginia Dep't of Corr.*, 813 F.3d 517, 525-26 (4th Cir. 2016) ("When a state appellate court summarily affirms a reasoned lower-court decision, or refuses a petition for review, then under *Ylst*, a federal habeas court is to 'look through' the unexplained affirmance to examine the 'last reasoned decision' on the claim, assuming that the summary appellate decision rests on the same ground." (quoting *Ylst*, 501 U.S. at 803-04, 806)); *id.* at 525 ("In applying § 2254(d) in this case, we 'look through' the Supreme Court of Virginia's summary refusal to hear Grueninger's appeal and evaluate the Circuit Court's reasoned decision on Grueninger's claim.").

3

Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010).

## **Discussion**

Petitioner alleges seven grounds for relief in his § 2254 petition: (a) a freestanding claim of actual innocence in Ground One; (b) claims of ineffective assistance of counsel in Grounds Two, Three, Four, Five, and Seven; and (c) a claim of trial court error in Ground Six. *See* ECF No. 1 at 5, 16-26. The Magistrate Judge recommends granting summary judgment as to all grounds, concluding that Ground One is a non-cognizable claim, that Grounds Two, Four, Six, and Seven are procedurally barred, and that Grounds Three and Five fail on their merits. R & R at 11-21. Petitioner's only specific objections are to the Magistrate Judge's recommended disposition of his actual innocence claim in Ground One.[4] *See* Pet.'s Objs., ECF No. 57.

---

[4]   The Court has reviewed the remaining portions of the R & R to which Petitioner does not specifically object. The Court discerns no clear error in the remainder of the R & R and therefore adopts the Magistrate Judge's findings and recommendations. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199-200.

First, Petitioner challenges the Magistrate Judge's conclusion that he cannot raise a freestanding claim of actual innocence. Pet.'s Objs. at 2 (citing page twelve of the R & R). The United States Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). However, the United States Court of Appeals for the Fourth Circuit has recognized that "the Supreme Court has strongly suggested that claims of actual innocence standing alone do not serve as an independent basis for habeas relief," *Buckner v. Polk*, 453 F.3d 195, 199 (4th Cir. 2006),[5] and has explicitly stated that "claims of actual innocence are not grounds for habeas relief." *Rouse v. Lee*, 339 F.3d 238, 255 (4th Cir. 2003) (citing *Herrera v. Collins*, 506 U.S. 390, 405 (1993)); *see Royal v. Taylor*, 188 F.3d 239, 243 (4th Cir. 1999) ("Initially, Royal maintains that his actual innocence in and of itself renders his conviction and execution violative of the Eighth and Fourteenth Amendments. Precedent prevents us from granting Royal's habeas writ on this basis alone."). "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404. The Court agrees with the Magistrate Judge's conclusion that Petitioner's freestanding claim of actual

---

[5] In *Buckner*, the Fourth Circuit acknowledged, "[T]he Supreme Court has suggested . . . [that] if free-standing actual innocence claims were cognizable on federal habeas review, 'the threshold showing for such an assumed right would necessarily be extraordinarily high.'" 453 F.3d at 199 (quoting *Herrera*, 506 U.S. at 417). Notably, the Supreme Court's "suggestion"—and the Fourth Circuit's reference to that suggestion— both occurred in the context of capital habeas cases where death sentences were imposed. Obviously, the instant action is not a capital case. *See also Royal*, 188 F.3d at 243 ("Although the *Herrera* Court assumed *arguendo* that the execution of a defendant who had made a persuasive claim of actual innocence would violate the Constitution and therefore warrant federal habeas relief *if* no state relief proceedings were available, it stopped short of holding that such a claim exists in every case. Rather, the Court explained that, when available, state clemency proceedings provide the proper forum to pursue claims of actual innocence based on new facts." (internal citation omitted)).

innocence is not a cognizable, independent ground for federal habeas relief.[6]

Second, Petitioner disputes the Magistrate Judge's quotation of the following sentence from *Herrera v. Collins*, *supra*: "'Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" R & R at 12 (quoting *Herrera*, 506 U.S. at 400); *see* Pet.'s Objs. at 2. Petitioner contends "the citing of *Herrera* . . . is misplaced," asserts he "is not claiming newly discovered evidence, as ***the evidence was gathered during trial which fails to establish guilt beyond a reasonable doubt***," and argues he "was unable to challenge state appellate and ***trial court denial of directed verdict motion*** in habeas process." Pet.'s Objs. at 2-3 (emphases added). Liberally construed, Petitioner's argument appears to be that his actual innocence claim in Ground One is really a challenge to the sufficiency of the evidence presented at trial (rather than a mechanism for overcoming the procedural default of his other grounds for relief).

Although an allegation of insufficient evidence is cognizable on collateral review in a federal habeas corpus action, federal review of the sufficiency of the evidence "is 'sharply limited.'" *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998) (quoting *Wright v. West*, 505 U.S. 277, 296 (1992)); *see Jackson v. Virginia*, 443 U.S. 307, 324 (1979). A federal court must give significant deference to the state court's ruling on the sufficiency of the evidence because "[f]ederal review of the sufficiency of

---

[6] The Court also agrees with the Magistrate Judge's finding that Petitioner has not made a sufficient showing of actual innocence for his procedurally defaulted grounds (Grounds Two, Four, Six, and Seven) because he has not presented any new reliable evidence of his factual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."); *House v. Bell*, 547 U.S. 518, 522 (2006) ("In certain exceptional cases involving a compelling claim of actual innocence, however, the state procedural default rule is not a bar to a federal habeas corpus petition."). Because Petitioner has not come forth with new reliable evidence necessary to establish his factual innocence, a claim of actual innocence cannot excuse his procedural default.

the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." *Wilson*, 155 F.3d at 405-06. A petitioner is entitled to federal habeas relief on a claim of insufficient evidence "only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Id.* at 405-06 (quoting *Jackson*, 443 U.S. at 324).

To the extent Petitioner alleges in Ground One that the evidence presented at trial was insufficient to sustain his conviction for first-degree burglary, this claim is procedurally defaulted because, much like Petitioner's Ground Six discussed on page fourteen of the R & R, this issue was not presented on direct appeal or in Petitioner's petition for writ of certiorari from the denial of his PCR application.[7] The Court hereby incorporates by reference the applicable law set forth in the R & R regarding procedural default and cause and prejudice, *see* R & R at 12-18, and it concludes Petitioner's challenge to the sufficiency of the evidence is procedurally barred from federal habeas review because it was not fairly presented to the South Carolina appellate courts. Moreover, Petitioner has not shown sufficient cause and prejudice to excuse his default, so the Court cannot consider the merits of his claim regarding the sufficiency of the evidence. *See Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) ("[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)).

Finally, Petitioner argues the Magistrate Judge "failed to consider [his] actual innocence claim

---

[7] A challenge to the sufficiency of the evidence would have been an allegation of trial court error that Petitioner needed to raise on direct appeal. Although Petitioner moved for a directed verdict at trial (based on the alleged insufficiency of the evidence) and the trial court denied the motion, he voluntarily moved to withdraw his direct appeal and the South Carolina Court of Appeals administratively dismissed the appeal without deciding the merits of any issues. *See* ECF No. 24-1 at 173-75, 302; ECF No. 24-2 at 1-2.

in pari materia with Old Chief v. United States." Pet.'s Objs. at 1-2. Petitioner argues that under *Old Chief v. United States*, 519 U.S. 172 (1997),[8] the trial court erred by permitting the State to introduce evidence of his prior burglary convictions and not join in his proposed stipulation to the prior convictions.[9] Pet.'s Objs. at 2. Again, the Court cannot consider the merits of this argument because Petitioner's claim (an apparent allegation of trial court error) was not fairly presented to the South Carolina appellate courts and is procedurally defaulted.[10] Additionally, Petitioner has not shown sufficient cause and prejudice to excuse his default, so the Court cannot consider the merits of his claim regarding the admission of his prior burglary convictions. *See Teleguz*, 689 F.3d at 327.

For the foregoing reasons, the Court overrules all of Petitioner's objections and accepts the Magistrate Judge's recommendation to grant Respondent's motion for summary judgment.

---

[8] In *Old Chief*, the United States Supreme Court held that, as a general matter, "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." 519 U.S. at 186-87. However, the Supreme Court invoked an exception to that rule and concluded a district court abuses its discretion under Federal Rule of Evidence 403 when it refuses to allow a defendant to stipulate to his prior felony conviction, a requisite element of 18 U.S.C. § 922(g). *Id.* at 175; *see id.* at 190-91 ("The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions.").

[9] Under South Carolina law, "[a] person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and" if there exists an aggravating circumstance, including if "the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both[.]" S.C. Code Ann. § 16–11–311(A)(2) (2015). The South Carolina Supreme Court, distinguishing *Old Chief*, has held that "[f]or purposes of an element of first degree burglary under § 16–11–311(A)(2), . . . the probative value of admitting the defendant's prior burglary and/or housebreaking convictions is not outweighed by its prejudicial effect. Rule 403, SCRE." *State v. Benton*, 338 S.C. 151, 155-56, 526 S.E.2d 228, 230 (2000) ("Even in *Old Chief v. United States*, 519 U.S. 172 (1997), upon which appellant relies, evidence of the defendant's prior felony conviction, an element of the weapons charge for which he was on trial, was admissible. Because the name and nature of the prior conviction were irrelevant (they were not elements of the current charge), their probative value was outweighed by their prejudicial effect.").

[10] At the beginning of trial, Petitioner offered to stipulate that he had two prior burglary convictions in lieu of the State introducing evidence of the convictions before the jury, but the trial court permitted the State to refuse the stipulation and allowed the State, over Petitioner's objection, to introduce evidence of the prior convictions. ECF No. 24-1 at 10-15, 159-63. As previously noted, Petitioner voluntarily moved to withdraw his direct appeal and the South Carolina Court of Appeals administratively dismissed the appeal without deciding the merits of any issues. *See* ECF No. 24-1 at 173-75, 302; ECF No. 24-2 at 1-2.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record including the petition, the motion for summary judgment, the return and attached exhibits, the R & R, and Petitioner's objections. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 47] by reference.

Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 25] and **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice*. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                                         s/ R. Bryan Harwell
September 29, 2016                                               R. Bryan Harwell
                                                                 United States District Judge